Reuben D. Nathan (SBN: 208436)
rnathan@nathanlawpractice.com
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Highway, Suite 200
Newport Beach, California 92663
TEL: (949) 270-2798

Attorneys for Plaintiff AUSTIN SADIK

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN SADIK on behalf of himself and all similarly situated persons, and the general public, <br><br> Plaintiff, <br><br> vs. <br><br> HYATT CORPORATION and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No.: **'24 CV 2060 AJB JLB** <br><br> CLASS ACTION <br><br> **CLASS ACTION COMPLAINT** <br><br> DEMAND FOR JURY TRIAL |

1

**CLASS ACTION COMPLAINT**

COMES NOW PLAINTIFF AUSTIN SADIK AND HEREBY ALLEGES THE FOLLOWING:

1.    The allegations in this Complaint, stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF THE ACTION

2.    This putative class action is brought by Plaintiff AUSTIN SADIK ("Plaintiff") against Defendant HYATT CORPORATION ("HYATT") and Defendant DOES 1 through 25 (all Defendants are collectively referred to herein as "Defendants"), inclusive based on the defendants' wrongful actions and include the following causes of action: (1) Failure to Reimburse Expenses; (2) Failure to Pay Overtime; (3) Failure to Pay Minimum Wage; (4) Improper Rest Periods; (5) Improper Meal Periods; (6) Improper Wage Statements; (7) Wages Not Paid Upon Separation; (8) Unlawful Deductions; (9) Unfair Business Practices; and (10) Private Attorney's General Act.

## THE PARTIES

3.    Plaintiff AUSTIN SADIK is a citizen of California.

4.    Defendant HYATT CORPORATION was and is, upon information and belief, a Delaware corporation, with its principal place of business in Chicago, Illinois, and, at all times mentioned herein, whose employees that are the subject of this class action were/are employed in the State of California.

5.    That the true names and capacities, whether individual, corporate, associate or otherwise of each of the defendants designated herein as a DOE are unknown to Plaintiff at this time, who therefore, sue said defendants by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages thereby to Plaintiff as alleged herein.

2

**CLASS ACTION COMPLAINT**

6.    Plaintiff is informed and believes, and thereon alleges, that each of said defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

7.    This Court has personal jurisdiction over Defendants. Defendants employ non-exempt employees within the State of California.

8.    This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

9.    Venue is proper in this District under 28 U.S.C. § 1391(a).  Substantial acts in furtherance of the alleged improper conduct, including Defendants' violations of the California Labor Code, occurred within this District.

## PRIVATE ATTORNEYS GENERAL ALLEGATIONS

10.    In addition, to asserting class claims, Plaintiff asserts claims on behalf of all other Class Members, pursuant to Business and Professions Code section 17200, et seq.

11.    The purpose of such claims is to require the defendant(s) to disgorge and restore all monies wrongfully obtained by the defendant(s) through their unlawful, unfair and deceptive business practices, which emanated in California, as alleged herein.  A private attorneys general action is necessary and appropriate because the defendant(s) have engaged in wrongful acts described herein as a general business practice.

//

//

3

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

12.     Plaintiff was hired by Defendants as a non-exempt employee on or about December 18, 2018.  Plaintiff's employment with Defendants as a food runner was terminated on or about May 21, 2024.  Defendants hired Plaintiff to work at its hotel Andaz San Diego, located in San Diego, California.

13.     Plaintiff is informed and believes and thereon alleges that Defendant HYATT CORPORATION is a Delaware corporation licensed to do business and is actually doing business throughout the State of California.

14.     Plaintiff, upon information and belief and based upon such basis, alleges that Defendants employed more than 100 non-exempt employees including Plaintiff in the state of California.

15.     Plaintiff alleges Class Members are current and former non-exempt employees of Defendants employed in the State of California within four years of the filing of this complaint to the present date, who were not compensated for minimum and overtime wages, were not afforded meal and rest breaks (or compensation in lieu thereof), did not receive accurate wage statements, did not receive all wages due upon separation, were subjected to illegal deductions, and were not reimbursed for business expenses ("other similarly situated employees" or "Class Members").

16.     Upon information and belief, to date, the Defendants' illegal practices set forth herein this complaint is present and continuing.

17.     Plaintiff, upon information and belief and based upon such basis, alleges that Defendants did not regularly provide Plaintiff and other similarly situated employees what they were legally entitled to.

**FACTUAL ALLEGATIONS**

18.     Plaintiff and all other similarly situated employees were employed by Defendants in non-exempt, non-managerial positions and similar and incidental positions related to Defendants' hotel business. At all times set forth herein, Defendants employed Plaintiff and all other similarly situated non-exempt employees, however titled,

**CLASS ACTION COMPLAINT**

throughout the state of California.

19.     On information and belief, Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.   Defendants had the authority to hire and terminate Plaintiff and the other Class Members; to set work rules and conditions governing Plaintiff and the other Class Members' employment; and to supervise their daily employment activities.

20.     During the relevant time frame, Plaintiff and all other similarly situated employees worked in excess of eight (8) hours in a day and forty (40) hours in a workweek.   Defendants required Plaintiff and Class Members to work but did not pay Plaintiff and Class Members for all hours worked on any given day or in any given workweek.

21.     Upon information and belief, during the relevant time frame, Defendants maintained a series of policies and practices that effectively coerced and pressured its non-exempt employees to, work without all minimum wage and overtime compensation, have their wages deducted, have their wages miscalculated, to shorten (tantamount to a missed meal/rest period) or forego meal and rest periods (or not be paid for their meal and/or rest breaks), not being reimbursed, and receive improper wage statements.

22.     Upon information and belief, Plaintiff and all similarly situated persons worked in excess of eight (8) hours in a day or forty (40) hours per workweek.  On information and belief, Plaintiff did not receive overtime, had rest breaks interrupted, and were not reimbursed.  Defendants required Plaintiff and the class to work but did not pay Plaintiff and the class for all hours worked on any given day or in any given workweek.  On information and belief, Plaintiff and all similarly situated employees of Defendants, were regularly compelled to work without receiving all pay for minimum wage and overtime wage.

23.     Upon information and belief, during the relevant time frame, Defendants required Plaintiff and Class Members to interrupt or shorten their lawful meal periods of

**CLASS ACTION COMPLAINT**

thirty (30) uninterrupted minutes while being relieved of all duty. Plaintiff and Class Members were forced to work in excess of five (5) hours per day on a regular basis without being provided a daily thirty (30) minute restrictive-free meal period. During all relevant periods, Defendants illegally and unlawfully required Plaintiff and Class Members to work through meal periods. Wage orders required that Plaintiff and Class Members be compensated for the meal periods for which Defendant required Plaintiff and Class Members to work. Defendant failed to compensate Plaintiff and the Class Members for these meal periods worked on any given day or during any given workweek.

24. Upon information and belief, during the relevant time frame, Plaintiff and Class Members did not receive meal periods; in addition, Defendant's work demands and pressure from Defendant's management, with specific knowledge and/or at the instruction of Defendant, as a result of an implemented policy, regularly required Plaintiff and all other similarly situated employees to return to work before completing (constitutes a missed meal period) an uninterrupted meal period of thirty (30) minutes.

25. Upon information and belief, during the relevant time frame, Plaintiff and Class Members often worked shifts in excess of then (10) hours, yet were never provided a second, uninterrupted meal period of thirty (30) minutes for those shifts.

26. Despite the above-mentioned meal period violations, Defendants did not compensate Plaintiff, and on information and belief, never compensated Class Members on additional hour of pay at their regular rate as required by California law when meal and rest periods were not provided.

27. Upon information and belief, during the relevant time frame, Defendants maintained and enforced a schedule and policies that due to business demands often required Plaintiff and all other similarly situated employees to shorten (constitutes a missed rest break) or forego their lawful rest periods of ten (10) minutes for every four (4) hours worked or major fraction thereof. During all relevant periods, Defendants illegally and unlawfully required Plaintiff and Class Members to work through rest periods. Wage orders required that Plaintiff and the Class Members be compensated for

**CLASS ACTION COMPLAINT**

the rest periods for which Defendant required Plaintiff and the Class Members to work. Defendants failed to compensate Plaintiff and the Class Members for these rest periods worked on any given day or in any given workweek.

28.    Despite the above-mentioned rest period violations, Defendants never compensated Plaintiff, and on information and belief, never compensated all other similarly situated employees one additional hour of pay at their regular rate as required by California law for each day on which rest periods were not authorized or permitted.

29.    Defendants failed to pay when due and on time, Plaintiff and all other similarly situated employees the legal wages they earned or that were due, failed to provide all authorized meal and rest periods (or failed to pay an hour at the regular rate for meal and rest breaks) owed to Plaintiff and all other similarly situated employees, and failed to pay one (1) hour wages in lieu of Defendants' failure to provide a meal and rest period, including at such time when employee quit or was discharged. Additionally, as a result of Defendants' failure to pay the proper minimum wage and overtime wages, account for all hours worked, and premium payments due for missed meal and rest breaks, wage statements issued to Plaintiff and Class Members are deemed inaccurate and false. Defendants have made it difficult to account with precision for the unlawfully deducted and/or withheld wages owed to Plaintiff and all other similarly situated employees without an examination of all records during the liability period and failed to implement and on information and belief failed to preserve a lawful record-keeping method to record all non-provided meal and rest breaks owed to employees, as required for non-exempt employees by California Labor Code section 226 and applicable California Wage Orders.

30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew, should know, and/or should have known that Plaintiff and all other similarly situated employees were entitled to receive accurate wages for regular and overtime work, and premium wages under Labor Code §226.7(b), but were not receiving accurately calculated compensation.

31.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

**CLASS ACTION COMPLAINT**

mentioned, Defendants knew that they had a duty to accurately compensate Plaintiff and all other similarly situated employees for all hours worked including minimum and overtime wages as well as meal and rest period premiums, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other Class Members in accordance with California law, but, in fact, did not keep complete and accurate payroll records. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other Class Members were entitled to reimbursement for necessary business-related expenses. At all material times set forth herein, Defendants failed to reimburse Plaintiff and the other Class Members for necessary business-related expenses and costs such as parking fees. At all material times set forth herein, Defendants failed to properly reimburse Plaintiff and the other Class Members pursuant to California law in order to increase Defendants' profits.

33.    Such actions and policies, as described above and further herein, were and continue to be in violation of the California Business and Professions Code section 17200, et seq. (predicate statutes such as Cal. Labor Code) and California Labor Code. alleges Defendants violated and by violating the following predicates including but not limited to Labor Code Sections

## CLASS ACTION ALLEGATIONS

34.    Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification.

35.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

36.    Plaintiff proposes the following Class be created:

//

**CLASS ACTION COMPLAINT**

a) All former and current non-exempt employees of Defendants employed in the State of California within four years of the filing of this complaint to the present date.

(hereinafter referred to as "Class Members" or the "Class")

37. Excluded from the Class are the defendants in this action, any entity in which the defendants have a controlling interest, any officers, directors, and shareholders of the defendants, and any legal representatives, heirs, successors, and assigns of the defendants.

38. There is a well-defined community of interest in this litigation and the Class is easily ascertainable:

a. <u>Numerosity</u>: The members of the Class are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Class is unknown to Plaintiff at this time. However, the Class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. <u>Typicality</u>: Plaintiff is qualified to and will fairly and adequately protect the interests of each Class Member with whom they have a well-defined community of interest, and Plaintiff's claims (or defenses, if any), are typical of all Class Members as demonstrated herein.

c. <u>Adequacy</u>: Plaintiff is qualified to, and will fairly and adequately protect the interests of each Class Member with whom they have a well-defined community of interest and typicality of claims, as alleged herein. Plaintiff acknowledges that he has an obligation to the Court to make known any relationship, conflict, or differences with any Class Member. Plaintiff's attorneys and proposed Class counsel are well-versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and, throughout the duration of this action, will continue to incur costs and attorneys' fees that have been,

**CLASS ACTION COMPLAINT**

are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

d. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

39. There are common questions of law and fact as to the Class that predominate over questions affecting only individual members, including but not limited to:

e. Whether Defendants reimbursed employees;

f. Whether Defendants failed to pay Plaintiff and the Class proper minimum and overtime wages;

g. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

h. Whether Defendants had a practice of unlawfully deducting wages;

i. Whether Defendants complied with wage reporting as required by the California Labor Code, including but not limited to Section 226;

j. Whether Defendants had a policy or practice of not providing meal and rest periods or paying the premium to employees;

k. Whether Defendants paid all wages owed upon separation;

l. Whether Defendants engaged in unlawful or unfair business practices in violation of Business and Professions Code section 17200, et seq.; and

m. The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

//
//

**CLASS ACTION COMPLAINT**

# FIRST CAUSE OF ACTION

## Violation of California Labor Code section 2800, et seq.

*(Plaintiff individually, and on behalf of all similarly situated employees, against all Defendants)*

40. Plaintiff hereby re-alleges and incorporates by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

41. Plaintiff and Class Members allege this cause of action against Defendants.

42. "An employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care." (Cal. Labor Code § 2800.)

43. "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." (Cal. Labor Code § 2802(a).)

44. "All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss." (Cal. Labor Code § 2802(b).)

45. California Labor Code section 2802(c) provides: "For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

46. Defendants owe a duty to Plaintiff and Class Members to indemnify them for all necessary expenditures, losses, and damages suffered and incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer. Defendants continue to refuse to reimburse and indemnify Plaintiff and Class

11

**CLASS ACTION COMPLAINT**

Members for all necessary expenditures and losses incurred by them, including but not limited to parking fees.

47.    Plaintiff and Class Members have incurred, and are continuing to incur, necessary expenditures and losses in direct consequence of the discharge of duties, or of obedience to Defendants' directions as an employer, which at the time of obeying the directions, Plaintiff and members of the Class believed to be lawful.

48.    The acts and omissions herein violated California Labor Code section 2802(a), and further violates California Labor Code sections 221 through 224. Plaintiff and the Class are entitled to attorney's fees under to California Labor Code section 2802(c).

49.    Plaintiff seeks reimbursement and indemnification for his and all other Class Members for all necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties, or obedience to the directions of the defendants as an employer.

50.    During the relevant time period, Defendants intentionally and improperly failed to reimburse necessary expenditures to Plaintiff and Class Members for necessary expenses incurred for items such as parking fees.

51.    Under the California Labor Code sections cited herein, Plaintiff and Class Members are entitled to recover the necessary expenditures they incurred for the four years preceding the filing of their original Class Action Complaint, plus reasonable attorney's fees and costs under California Labor Code section 2802.

52.    By virtue of Defendants' unlawful failure to reimburse necessary expenditures Plaintiff and Class Members incurred, Plaintiff and Class Members have incurred damages in amounts presently unknown to Plaintiff and Class Members.

53.    Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants, and each of them, knew or should have known that Plaintiff and Class Members were not being reimbursed for all necessary business expenditures they incurred.

//

**CLASS ACTION COMPLAINT**

54.    As a direct and legal (proximate) result of Defendants' violation of the California Labor Code, Plaintiff and the Class have been damaged. Under California Labor Code section 2802, Plaintiff and the Class are entitled to, and request reimbursement of all necessary expenditures they incurred, interest, penalties, reasonable attorney's fees, and costs, incurred in this action in an amount to be proven at or following trial of this matter.

## SECOND CAUSE OF ACTION

### Violation of Labor Code sections 510, 1198 & Industrial Welfare Commission Wage Orders 1, 2, and 5-2001, §3(A) – Unpaid Overtime

*(Plaintiff individually, and on behalf of all similarly situated employees, against all Defendants)*

55.    Plaintiff hereby re-alleges and incorporates by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

56.    At all times herein set forth, California Labor Code section 218 authorizes employees to sue directly for any wages or penalties due to them under this article of the California Labor Code.

57.    At all times herein set forth, California Labor Code section 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission (hereinafter "IWC").

58.    At all times herein set forth, IWC Wage Order section 1, 2, and 5-2001(C3)(A), which is applicable to Plaintiff and Class Members who were/are employed by Defendants, has provided that employees working for more than eight (8) hours in one (1) day, and/or more than forty (40) hours in one (1) workweek, are entitled to payment at the rate of one-and-one-half (1 ½) his or her regular rate of pay for all hours worked in excess of eight (8) hours in one (1) day or more than forty (40) hours in one (1) work week. An employee who works more than twelve (12) hours in one (1) day is entitled to overtime compensation at a rate of twice his or her regular rate of pay.  Plaintiff and Class Members

**CLASS ACTION COMPLAINT**

worked in excess of forty (40) hours per workweek for each workweek while employed by Defendants throughout the course of employment with Defendants, subject to any workweeks wherein Plaintiff and Class Members missed workdays as a result of sick days, personal emergencies, or anything else that would otherwise interfere with workweek schedules. Defendants required Plaintiff and the Class to work but did not pay Plaintiff and the Class for all hours worked on any given day or in any of the given workweeks herein mentioned. Defendants failed to compensate Plaintiff and Class Members for work performed in excess of eight (8) hours a day or forty (40) hours per workweek while employed by Defendants, which occurred throughout Plaintiff's and Class Members' course of employment with Defendants.

59. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half (1 ½) the regular hourly rate for hours worked in excess of eight (8) hours in one (1) day or forty (40) hours in one (1) week or for the first eight (8) hours worked on the seventh day of work, and at twice the regular hourly rate for hours worked in excess of twelve (12) hours in one (1) day or in excess of eight (8) hours on the seventh day of work.

60. During the relevant time period, more specifically, three years dating back from the filing of the original Complaint, Plaintiff and all other similarly situated employees worked in excess of eight (8) hours in one (1) work day and forty (40) hours in one (1) work week. During the relevant time period, more specifically, dating back three years from the filing of the original Complaint, Plaintiff and Class Members frequently worked in excess of ten (10) hours and often times worked in excess of twelve (12) hours in one (1) workday.

61. During the relevant time period, Defendants failed to pay all premium overtime wages due to Plaintiff and Class Members, which directly led to Defendants undercompensating Plaintiff and Class Members for overtime hours worked.

//

//

**CLASS ACTION COMPLAINT**

62.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of premium overtime compensation, as required by California state law, violates the provisions of Labor Code section 510 and is therefore unlawful.

63.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of premium overtime compensation, as required by California state law, violates the provisions of Labor Code section 510 and 1198 and is therefore unlawful.

64.    Pursuant to Labor Code section 1194, Plaintiff and Class Members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorney's fees.

65.    Pursuant to Labor Code section 558, Plaintiff and Class Members are entitled to fifty dollars ($50.00) for each pay period for which the employee was underpaid.  This is in addition to an amount sufficient to recover underpaid wages and for each subsequent violation, one hundred dollars ($100.00) for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

## THIRD CAUSE OF ACTION

### Violation of Labor Code sections 1194, 1197, and 1197.1 – Minimum Wage

*(Plaintiff individually, and on behalf of all similarly situated employees, against all Defendants)*

66.    Plaintiff hereby re-alleges and incorporates by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

67.    California Labor Code sections 1194, 1197, and 1197.1 provide that minimum wage must be paid to employees in the state of California and the any lesser wage is a violation.

68.    Defendants failed to pay Plaintiff and Class Members all wages, including minimum wage at the rates required by the state of California.

69.    Defendants' failure to pay Plaintiff and Class Members the minimum wage required violates California Labor Code sections 1194, 1197, and 1197.1. Plaintiff and Class Members are entitled to recover the balance of any minimum wage compensation.

**CLASS ACTION COMPLAINT**

70.     Plaintiff and Class Members are entitled to penalties in the amount $100 and $250 for failure to pay minimum wage, and interest, costs, attorneys' fees, and liquidated damages.

## FOURTH CAUSE OF ACTION

**Violation of Labor Code section 226.7(a), and Industrial Welfare Commission Wage Order 1, 2, and 5-2001, § 12 – Improper Rest Periods**

*(Plaintiff individually, and on behalf of all similarly situated employees, against all Defendants)*

71.     Plaintiff hereby re-alleges and incorporates by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

72.     At all times herein, Labor Code section 218 authorizes employees to sue directly for any wages or penalty due to them under this article of the California Labor Code.  Labor Code section 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

73.     IWC Order No. 1, 2, and 5-2001 § 12, which covers rest periods, provides "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."   Plaintiff alleges that Defendants did not provide Plaintiff and Class Members proper uninterrupted rest periods that they were legally entitled to.   Upon information and belief, during the relevant time frame, Defendants maintained and enforced a schedule and policies that due to business demands often required Plaintiff and Class Members s to shorten (constitutes a missed rest break) or

## CLASS ACTION COMPLAINT

foreго their lawful rest periods of ten (10) minutes for every four (4) hours worked or major fraction thereof.

74.   Defendants instituted a company-wide policy that demanded Plaintiff and Class Members to work through their rest periods.  Defendants illegally and unlawfully required Plaintiff and members of the Class to work through rest periods.  Wage orders required that Plaintiff and Class Members be compensated for the rest periods for which Defendants required Plaintiff and Class Members to work. Defendants did not provide Plaintiff and Class Members with a rest break(s) during each workweek throughout the course of employment with Defendants. Defendants failed to compensate Plaintiff and Class Members for these rest periods worked on any given day or in any given workweek by either forcing them to miss their rest breaks or failing to pay Plaintiff and Class Members the time during their rest breaks.

75.   "[A]ll hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.) "Under the California minimum wage law, employees must be compensated for each hour worked at either the legal minimum wage or the contractual hourly rate, and *compliance cannot be determined by averaging hourly compensation*." (*Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864, 872 (emphasis added); *see also Sheppard v. North Orange County Regional Occupational Program* (2010) 191 Cal.App.4th 289, 297 n.5 ("Compliance with the minimum wage law is determined by analyzing the compensation paid for each hour worked; *averaging hourly compensation is not permitted under California law*.") (emphasis added).)  "[A]ny employee receiving less than the legal minimum wage ... is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ...." (*Cal. Lab. Code* § 1194(a).)  "[A]ll hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.)  "An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry." (*Brinker*,

17

**CLASS ACTION COMPLAINT**

53 Cal.4th at 1033; *see also Faulkinbury v. Boyd & Associates, Inc.* (2013) 216 Cal.App.4th 220, 236 ("An employer has a duty to authorize and permit rest breaks.").) "No employer shall require any employee to work during any ... rest period mandated by an applicable order of the Industrial Welfare Commission." (*Cal. Labor Code* § 226.7(a).) "Under Industrial Welfare Commission wage orders, employers are required to 'authorize and permit all employees to take rest periods' at the rate of at least 10 minutes for every four hours worked." (*Bluford*, 216 Cal.App.4th at 871 (*quoting* 8 C.C.R. § 11070, § 12); *see also Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1104 (Employees are entitled to "a paid 10–minute rest period per four hours of work.").) "The wage order's requirement not to deduct wages for rest periods presumes [employees] are paid for their rest periods." (*Bluford*, 216 Cal.App.4th at 871.) "Rest periods are considered hours worked and must be compensated." (*Id.* at 872.). Also see, *Vaquero v. Stoneledge Furniture LLC* (2017) 9 Cal.App.5th 98; also see, LC 226.7.

76.    Defendants' compensation plan is in direct violation of rule established above, including as enunciated in *Vaquero v. Stoneledge Furniture LLC* (2017) 9 Cal.App.5th 98; also see, LC 226.7, regarding compensation for rest breaks pursuant to California law. Defendants' compensation plan pays zero wages for time spent on off duty rest breaks. Pursuant to Labor Code section 226.7(b) and Code of Civil Procedure section 338, Plaintiff and the Class are entitled to recover from Defendants one (1) additional hour of pay at the employee's 'regular rate' of compensation for each rest period (a) that was not authorized and permitted, and/or (b) that was not paid time for a three-year statutory period dating back from the date of the commencement of this action. Plaintiff, on information and belief and based upon such basis, alleges that Plaintiff and the Class, were systematically not permitted and/or authorized and/or paid to take one (1) ten (10) minute rest period (off duty for ten consecutive minutes) for every four (4) hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order 5-2001, section 12. Plaintiff and the Class were not compensated for rest breaks and were not paid

**CLASS ACTION COMPLAINT**

for rest break time. Defendants willfully violated the provisions of Labor Code sections 226.7, 512 and IWC Wage Order No. 4-2001.

77.     Defendants' conduct, as alleged herein, violates Labor Code section 226.7(a), which authorizes that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the IWC.

78.     Pursuant to Labor Code section 226.7(b) and Code of Civil Procedure section 338, Plaintiff and the other Class Members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a rest period was not provided, for a three-year statutory period dating back from the date of the commencement of this action. Plaintiff, on information and belief, alleges that all Class Members, were systematically not permitted or authorized to take one (1) ten (10) minute rest period for every four (4) hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order 1, 2, and 5-2001, section 12.

79.     On shifts where Plaintiff and on information and belief, Class Members, worked in excess of three and half hours, they were routinely not permitted and authorized to take lawful rest periods.

80.     On information and belief, Plaintiff alleges that Plaintiff and Class Members were not compensated with one hour of wages for every day in which a rest period was missed or untimely as a result of Defendants' policies, practices, or work demands. By failing to authorize and permit a ten-minute rest period for every four (4) hours or major fraction thereof worked per day by its non-exempt employees, and by failing to provide compensation for such non-provided or shortened rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7, 512 and IWC Wage Order No. 1, 2, and 5-2001.

//

//

**CLASS ACTION COMPLAINT**

**FIFTH CAUSE OF ACTION**

**Violation of Labor Code sections 226.7, 512(a), and Industrial Welfare Commission Wage Order 1, 2, and 5-2001, § 11 – Improper Meal Periods**

*(Plaintiff individually, and on behalf of all similarly situated employees, against all Defendants)*

81.    Plaintiff hereby re-alleges and incorporates by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

82.    At all times herein, Labor Code section 218 authorizes employees to sue directly for any wages or penalty due to them under this article of the California Labor Code.

83.    At all times herein, Labor Code section 226.7(a) provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

84.    At all times herein, Labor Code section 512(a) provides that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

85.    The language of IWC Order No. 1 & 2-2001 § 11(D) relating to meal periods tracks the language of the California Labor Code.

86.    The language of IWC Order No. 5-2001 § 11(B) relating to meal periods tracks the language of the California Labor Code.

87.    During the relevant time period, Plaintiff and Class Members, who were scheduled to work in excess of five (5) hours, but not longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work in excess of five (5) hours without receiving a meal period of not less than thirty (30) minutes.  During the relevant time period, Plaintiff and Class Members, who were

20

**CLASS ACTION COMPLAINT**

scheduled to work for a period of time in excess of six (6) hours, were required to work in excess of five (5) hours, without receiving a meal period of not less than thirty (30) minutes.

88.    An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

89.    Upon information and belief, during the relevant time frame, Defendants maintained and enforced an aggressive set of demands for its non-exempt employees thereby requiring Plaintiff and Class Members to interrupt or shorten their lawful meal periods of thirty (30) uninterrupted minutes while being relieved of all duty.  Plaintiff and Class Members were forced to work in excess of five (5) hours per day on a regular basis without being provided a daily thirty (30) minute restrictive-free meal period.

90.    Upon information and belief, during the relevant time frame, Plaintiff and Class Members did not receive meal periods; in addition, Defendants' work demands and pressure from Defendants' management, with specific knowledge and/or at the instruction of Defendants, as a result of an implemented policy, regularly required Plaintiff and Class Members to return to work before completing (constitutes a missed meal period) an uninterrupted meal period of thirty (30) minutes. Upon information and belief, during the relevant time frame, Plaintiff and Class Members often worked shifts in excess of ten (10) hours, yet were never provided a second, uninterrupted meal period of thirty (30) minutes for those shifts.

91.    During all relevant periods, Defendants illegally and unlawfully required Plaintiff and Class Members to work through meal periods.  Wage orders required that Plaintiff and the Class Members be compensated for the meal periods for which Defendants required Plaintiff and the Class Members to work. Defendants did not provide Plaintiff and Class Members with a meal break(s) during each workweek throughout the

course of employment with Defendants. Defendants failed to calculate commissions and calculate the same when compensating Plaintiff and the Class Members for these meal periods worked on any given day or during any given workweek. Despite the above-mentioned meal period violations, Defendants never compensated Plaintiff, and on information and belief, never compensated all other similarly situated employees an additional hour of pay at their regular rate as required by California law when meal periods were not provided.

92.     Pursuant to Labor Code section 226.7(b) and Industrial Welfare Commission Wage Orders 1&2-2001, section 11(D) and 5-2001(B), Plaintiff and all other similarly situated employees are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation (including calculating the payment of commissions) for each work day that a meal period was not provided, for a three-year statutory period dating back from the date of the commencement of this action.

## SIXTH CAUSE OF ACTION

### Violation of Labor Code section 226(a) – Improper Wage Statements

*(Plaintiff, individually, and on behalf of all similarly situated employees, against all Defendants)*

93.     Plaintiff hereby re-alleges and incorporates by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

94.     Labor Code section 226(a) mandates that employers provide their employees, along with the employees' paychecks, "an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one

22

item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

95.     Plaintiff, on information and belief and based upon such basis, alleges that Plaintiff and Class Members were intentionally not provided accurate wage statements, pursuant to Labor Code section 226(a) by Defendants, because it was Defendants' intent to avoid paying Plaintiff and Class Members, the correct wages that Plaintiff and Class Members were legally entitled to in order for Defendants to generate greater profits at the expense of Plaintiff and Class Members.

96.     Defendants also violated California Labor Code section 226, which requires wage statements to list "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements which should have been properly provided to Plaintiff and Class Members, and such violations flow from Defendants' improper policies and practices, their implementation and enforcement by Defendants, and the violations alleged in the preceding causes of action and herein.  More specifically, due to improperly paid minimum wage and overtime, off-the-clock hours worked, and premium wage payments for missed meal and rest breaks constitutes a violation of California Labor Code section 226. Defendants' intentional conduct by failing to provide Plaintiff and Class Members with accurate wage statements have caused Plaintiff and Class Members to suffer injury in fact by depriving them of their wage records.  In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiff and Class Members have been, would have been, and are compelled to discover for accuracy, the required

**CLASS ACTION COMPLAINT**

information missing from their wage statements and to perform calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them. Given the violations addressed above and the resulting inaccuracies in the wage statements provided by Defendants to Plaintiff and Class Members, Defendants have made it very difficult, to determine from the wage statements themselves such important items of information as the appropriate pay rate to apply to their hours worked. Defendants' Labor Code section 226 violations further injured Plaintiff and Class Members by rendering them unaware of the full compensation to which they were entitled under applicable provisions of the California Labor Code and applicable IWC Wage Orders, and Defendants' aggrieved employees have been accordingly rendered unaware of how to calculate such compensation.

97.     Plaintiff, on information and belief and based upon such basis, alleges that Plaintiff and Class Members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with Labor Code Section 226(a) or an aggregate penalty not exceeding $4,000, and an award of costs and reasonable attorneys' fees pursuant to Labor Code Section 226(e).

## SEVENTH CAUSE OF ACTION

### Violation of Labor Code sections 201-203 – Wages Not Paid Upon Separation

*(Plaintiff individually, and on behalf of all similarly situated employees, against all Defendants)*

98.     Plaintiff hereby re-alleges and incorporates by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

99.     At all times herein set forth, Labor Code section 218 authorizes employees to sue directly for any wages or penalties due to them under this article of the California Labor Code.

100.     At all times herein set forth, Labor Code sections 201-203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge

**CLASS ACTION COMPLAINT**

are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter; unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

101.    During the relevant time period, Defendants failed to pay Plaintiff and Class Members, who are no longer employed by Defendants, all their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

102.    Defendants also willfully violated Labor Code sections 201-203 by failing to provide all owed wages at separation form employment.  Labor Code sections 201 and 202 require Defendants to pay their employees all wages due either at time of firing, or within seventy-two (72) hours of voluntary separation, if not sooner.  Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed thirty (30) days of wages.  Plaintiff and Class Members who were separated from employment are entitled to compensation for all forms of wages earned, including but not limited to unpaid minimum wage, unpaid overtime compensation and premium payments for non-provided meal and rest periods, but to date have not received such compensation, therefore entitling to wages.

103.    Due to Defendants' failure to pay Plaintiff and Class Members, who are no longer employed by Defendants, all wages earned at the time of their discharge, or within seventy-two (72) hours of their leaving Defendants' employ, Defendants are in violation of Labor Code sections 201-203.

104.    Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an

**CLASS ACTION COMPLAINT**

1    action is commenced; but the wages shall not continue for more than thirty (30) days.

2    Plaintiff and Class Members, who are no longer employed by Defendants, are entitled to

3    recover from Defendants the statutory penalty for each day they were not paid at their

4    regular hourly rate of pay, up to a thirty (30) day maximum, pursuant to Labor Code

5    section 203.

## EIGHTH CAUSE OF ACTION

### Unlawful Deductions

*(Plaintiff individually, and on behalf of all similarly situated employees, against all Defendants)*

10    105.   Plaintiff hereby re-alleges and incorporates by reference each and every one

11    of the allegations contained in the preceding and foregoing paragraphs of this Complaint

12    as if fully set forth herein.

13    106.   Labor Code §204 provides that all earned wages are due and payable twice

14    during each calendar month.  Labor Code §221 provides that it shall be unlawful for any

15    employer to collect or receive from an employee any part of wages theretofore paid by

16    said employer to said employee. Defendants unlawfully deducted wages from Plaintiff

17    and Class Members.  Defendants created a system whereby Plaintiffs and Class Members

18    were not paid all of their wages including without limitation to  premium payments for

19    missed/interrupted meal and rest periods. Labor Code §223 provides that where a contract

20    requires an employer to maintain the designated scale, it is unlawful to pay a lower wage

21    while purporting to pay the wage designed by the contract.  Labor Code §224 prohibits

22    employers from making deductions from an employee's wages not authorized by the

23    employee in writing or permitted by law.  Labor Code §2751 provides that: Whenever an

24    employer enters into a contract of employment with an employee for services to be

25    rendered within this state and the contemplated method of payment of the employee

26    involves commissions, the contract shall be in writing and shall set forth the method by

27    which the commissions shall be computed and paid.

28    //

**CLASS ACTION COMPLAINT**

107.   Under California law, an employer can lawfully withhold amounts from an employee's wages only in the following circumstances:

a) When required or empowered to do so by state or federal law;

b) When a deduction is expressly authorized in writing by the employee to cover insurance premiums, benefit plan contributions or other deductions not amounting to a rebate on the employee's wages; and

c) When a deduction to cover health, welfare or pension contributions is expressly authorized by a wage or collective bargaining agreement (Labor Code Sections 221 and 224).

108.   None of the exceptions and outlined by the Labor Code apply to Plaintiff and Class Members and therefore the deductions by Defendants are deemed illegal. Defendants have maintained a policy of failing to inform Plaintiff and Class Members of the illegal deductions and have willfully failed to compensate Plaintiff and Class Members for wages earned as a result of the illegal deductions.

109.   Plaintiff and all similarly situated employees are entitled to the wages deducted by Defendants i.e. loss of wages and compensation, damages, and/or civil penalties pursuant to (including penalties pursuant to Labor Code section 225.5), and waiting time penalties associated with the deductions and according to proof at trial.

**NINTH CAUSE OF ACTION**

**Violation of Business and Professions Code section 17200, et seq.**

*(Plaintiff individually, and on behalf of all similarly situated employees, against all Defendants)*

110.   Plaintiff hereby re-alleges and incorporates by reference each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

111.   Defendants' conduct, as alleged herein, including not paying Plaintiff and the other Class Members for all wages owed, including overtime wages and minimum wages, wages for missed meal and rest periods, not reimbursing business expenses, not providing

**CLASS ACTION COMPLAINT**

Plaintiff and Class Members with accurate wage statements, unlawfully deducting wages, and not paying Plaintiff and Class Members who are no longer employed by Defendants all wages due upon separation from Defendants, has been, and continues to be unlawful and unfair, and harmful to Plaintiff and Class Members, and the general public.

112.   Defendants' activities as alleged herein are in violation of California law, and constitute unlawful and unfair business practices in violation of Business and Professions Code section 17200, et seq., which justify the issuance of an injunction, restitution, and other equitable relief pursuant to California Business and Professions Code §17203.

113.   Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business practices as alleged herein, including, but not necessarily limited to, the loss of money or property.

114.   Defendants have failed and refused to pay Plaintiff and Class Members minimum and overtime wages, and meal/rest period violations at the regular rate. More specifically, Defendants' conduct violated laws by failing to pay all wages owed, including overtime wages to Plaintiff and Class Members, who regularly worked in excess of eight (8) hours in a workday and forty (40) hours per workweek.  Defendants have failed and refused to provide Plaintiff and Class Members with rest breaks in violation of the California Labor Code §§226.7(a) and 512.   Defendants have failed to reimburse Plaintiff and Class Members business expenses pursuant California Labor Code §2800 and 2802. Defendants have failed to provide Plaintiff and Class Members with accurate wage statements pursuant to California Labor Code section 226 as a result of failing to lawfully compensate Plaintiff and Class Members, and failed to provide Plaintiff and Class members who are no longer employed by Defendants with the wages owed upon separation pursuant to California Labor Code section 201-203. Defendants have failed to keep accurate payroll records, have unlawfully deducted wages, and failed to pay minimum wages.  Defendants violated California Business and Professions Code §17200, et seq. as a result of violating these statutory provisions, where Plaintiff and Class Members suffered an economic hardship in order for Defendants to pursue monetary gain.

**CLASS ACTION COMPLAINT**

115.   Plaintiff and Class Members seek restitution for Defendants knowingly and willfully (or should have known) violating California law and the Labor Code in order for Defendants to financially benefit from its illegal and unfair practices at the expense and work of Plaintiff and Class Members.

116.   A violation of Business and Professions Code section 17200, et seq. may be predicated on the violation of any state and/or federal law.

117.   Pursuant to Business and Professions Code section 17200, et seq., Plaintiff and Class Members are entitled to restitution of the unpaid wages, including minimum wages and overtime wages, unlawfully deducted wages, unreimbursed business expenses, and premium pay for improper meal and rest periods withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this Complaint; waiting time penalties; reimbursement of business expenses; a declaration that the above business practices are unlawful and unfair; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members. Plaintiff, individually, on behalf of the Class, and on behalf of the general public through his respective attorneys are serving to enforce an important right of the prompt payment of wages due to employees that affects the affecting a significant public interest.

118.   Plaintiff through this action is conferring a substantial benefit on the general public by ensuring the prompt payment of wages due to employees and a large class of persons (at this time believed to exceed 100 Class Members), there exists a necessity (Defendants have maintained this illegal practice for at least four years) and financial burden of private enforcement makes an award of attorney's fees appropriate, which should not in the interest of justice be taken out of any award since these any disgorgement or restitution to Plaintiff and Class Members are owed to them as wages for time worked while employed by Defendants.

//

//

**CLASS ACTION COMPLAINT**

## TENTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE SECTION 2698, ET SEQ.

## (PRIVATE ATTORNEYS GENERAL ACT)

### (*Plaintiff Against All Defendants*)

119.   Plaintiff and Class Members re-allege and incorporate by reference, as though fully set forth herein, all preceding paragraphs of this Class Action Complaint.

120.   Plaintiff is seeking to represent all aggrieved current and former non-exempt employees of Defendants in the state of California, at any time from August 15, 2023, to the present date. This cause of action under the Private Attorneys General Act ("PAGA") is a representative action and not a class action.

121.   PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

122.   On August 15, 2024, Plaintiff provided written notice to the LWDA and Defendants of the specific provisions of the Labor Codes he contends were violated, and the theories supporting his contentions. Plaintiff believes that on or about, October 21, 2024, the sixty-five (65) day notice period expired and the LWDA did not take any action to investigate or prosecute this matter.  Therefore, Plaintiff has exhausted the statutory time period to bring this action.

123.   Plaintiff and the other non-exempt employees of Defendants in the state of California are "aggrieved employees" as defined by California Labor Code § 2699(c) in that they are all current and former non-exempt employees of Defendants, and one or more of the alleged violations was committed against them.

### Failure to Pay Overtime Wages

124.   At all times relevant herein, Defendants were required to compensate their non-exempt employees minimum wages for all hours worked and overtime wages for all

30

**CLASS ACTION COMPLAINT**

hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek, pursuant to the mandate of Labor Code §§ 510, 1194, 1197, and 1198. Plaintiff and aggrieved employees frequently worked more than eight (8) hours in a single workday or forty (40) hours in a workweek.

125.    Defendants required Plaintiff and aggrieved employees to work but did not pay Plaintiff and aggrieved employees for all hours worked on any given day or in any of the given workweeks herein mentioned.  Defendants failed to compensate Plaintiff and all aggrieved employees for work performed in excess of eight (8) hours a day or forty (40) hours per workweek while employed by Defendants, which occurred throughout Plaintiff's and aggrieved employees' course of employment with Defendants. Additionally, Plaintiff and aggrieved employees frequently worked in excess of ten (10) hours and often times worked in excess of twelve (12) hours in one (1) work day.

126.    Defendants failed to pay all premium overtime wages due to Plaintiff and aggrieved employees, which directly led to Defendants under compensating Plaintiff and aggrieved employees for overtime hours worked.

127.    As a pattern and practice, Defendants failed to compensate Plaintiff and other aggrieved employees for all hours worked, including for all overtime wages and double time, where applicable.

**Failure to Pay Minimum Wage**

128.    Defendant failed to pay wages for all hours worked under Labor Code Sections 1182, 1182.12, 1194 1198.  Pursuant to Labor Code Section 1182, the State of California has adopted a minimum wage standard which shall be no less than the federal standard.  Labor Code Section 1182.12 set the minimum wage standards. Labor Code Section 1198 generally prohibits employers from having employees work beyond the hours fixed by the commission or under conditions prohibited by the commission.  Labor Code Section 1197 prohibits paying less than minimum wage.  Labor Code Section 1194 requires the payment of overtime wages as specified.

//

**CLASS ACTION COMPLAINT**

129.    Defendant's policies and practices are to refuse to pay all wages owed, refuse to pay any wages for time worked, and failure to pay wages for all hours worked at the correct minimum and overtime rate as required by Labor Code Sections 1182, 1182.12, 1197, 1194 and 1198. Defendants' policies and practices of failing to pay wages for all hours worked, according to law, place you in violation of Labor Code Sections 1182, 1182.12, 1194, 1197, and 1198.

130.    Pursuant to Labor Code Section 1197.1, "(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages."

131.    As stated herein above, Labor Code Section 1194 allows for a civil suit for minimum wage compensation, interest, reasonable attorney fees, and costs of suit. For Defendants' violations, Plaintiff, the State of California and aggrieved employees are entitled tor compensation, penalties, attorney fees, interest, and costs of suit under Labor Code Sections 1182, 1182.12, 1194, 1197, 1197.l, and 1198.

**Failure to Timely Pay Wages During Employment**

132.    At all times relevant herein, Defendants were required to pay their employees within a specified time period pursuant to the mandate of Labor Code §§ 204 and 210.

133.    As a pattern and practice, Defendants regularly failed to timely pay Plaintiff and aggrieved employees all wages due and owing them within the required time period.

**Failure to Maintain Accurate Employment Records**

134.    Pursuant to Labor Code §§ 1174, 1174.5, and 2810.5, Defendants were required to maintain accurate employment records for Plaintiff and aggrieved employees of including but not limited to time records, pay stubs, clock in and clock out, meal break

periods, rest break periods, and the employment file itself.

135.   As a pattern and practice, Defendants failed to maintain accurate employment records regarding employment for Plaintiff and aggrieved employees and as a result, Defendants have violated Labor Code §§ 1174, 1174.5, and 2810.5.

### Failure to Provide Complete and Accurate Wage Statements

136.   Defendants did not comply with the requirements of Labor Code Section 226 which requires that "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee (and the last four digits of his or her social security number or an employee identification number other than a social security number *may* be shown on the itemized statement),

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

//

### CLASS ACTION COMPLAINT

137.   Defendants failed to provide accurate and complete information, as specified above as set forth in section 226(a) to Plaintiff and aggrieved employees.

138.   California Labor Code Section 226(e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees."  Plaintiff and the other aggrieved employees suffered injuries as defined and set forth in California Labor Code Section 226(e) because, in addition to Defendants' failure to provide accurate and complete information, as specified above (as set forth in section 226(a)), Plaintiff and the other aggrieved employees could not "promptly and easily determine" from the wage statements alone all correct information, including without limitation to the correct hourly rate in effect during the pay period (i.e., without reference to other documents or information), nor was the overtime rate or the hours worked provided in the statements accurate.

139.   During the applicable time period, Defendants failed to provide Plaintiff and aggrieved employees with timely and accurate wage and hour statements in compliance with Labor Code Section 226.

140.   As alleged herein, Plaintiff and aggrieved employees are/were not exempt from the requirements of California's labor laws and regulations.  Plaintiff and the aggrieved employees were and will be injured by Defendants' failure to comply with the aforementioned requirements for time records and wage statements.

141.   At all times relevant herein, Defendants were required to both provide and keep *accurate* records regarding their California employees pursuant to the mandate of Labor Code §§ 226 and 1174.

142.   As a result of Defendants' various Labor Code violations, Defendants failed to keep accurate records regarding Plaintiff and other aggrieved employees.

34

**CLASS ACTION COMPLAINT**

**Failure to Provide and Authorize and Permit Rest Breaks**

143.    In accordance with the mandates of Labor Code §§ 226.7 and 512, Defendants were required to authorize and permit their non-exempt employees to take a paid off duty 10-minute rest break for every four (4) hours worked or major fraction thereof.

144.    As a pattern and practice, Defendants failed to authorize and permit Plaintiff and aggrieved employees with legally-mandated rest breaks, and failed to compensate them premium wages.

**Unlawful Deduction of Wages**

145.    Labor Code §221 provides that it shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee. Defendants unlawfully deducted wages from Plaintiff and aggrieved employees.  Defendants created a system whereby Plaintiff and aggrieved employees would be deducted wages and were in fact deducted wages. Labor Code §223 provides that where a contract requires an employer to maintain the designated scale, it is unlawful to pay a lower wage while purporting to pay the wage designed by the contract.  Labor Code §224 prohibits employers from making deductions from an employee's wages not authorized by the employee in writing or permitted by law.

146.    Under California law, an employer can lawfully withhold amounts from an employee's wages only in the following circumstances:

a)    When required or empowered to do so by state or federal law;

b)    When a deduction is expressly authorized in writing by the employee to cover insurance premiums, benefit plan contributions or other deductions not amounting to a rebate on the employee's wages; and

c)    When a deduction to cover health, welfare or pension contributions is expressly authorized by a wage or collective bargaining agreement (Labor Code Sections 221 and 224).

//

**CLASS ACTION COMPLAINT**

147.   None of the exceptions and outlined by the Labor Code apply to Plaintiff and aggrieved employees and therefore the deductions by Defendants are deemed illegal. Defendants have maintained a policy of failing to inform Plaintiff and aggrieved employees of the illegal deductions and have willfully failed to compensate Plaintiff and aggrieved employees for wages earned as a result of the illegal deductions.

148.   Plaintiff and aggrieved employees are entitled to the wages deducted by Defendants and/or civil penalties pursuant to (including penalties pursuant to Labor Code section 225.5), and waiting time penalties associated with the deductions and according to proof at trial.

**Failure to Reimburse Expenses**

149.   Under California Labor Code section 2802, Defendants must reimburse and indemnify Plaintiff and other aggrieved employees for all necessary expenditures Plaintiff and all other aggrieved employees incurred. At all times relevant herein, Defendants were required to reimburse its employees for any and all necessary expenditures or losses incurred by the employees in direct consequences of the discharge or his or her duties pursuant to the mandate of California Labor Code sections 2800 and 2802.  As a pattern and practice, Defendants failed to pay Plaintiff and other aggrieved employees all business expenses incurred and owing them within the required time period, including but not limited to such things as parking fees.

150.   Defendants violated Labor Code Section 2800, et seq. by failing to reimburse Plaintiff and aggrieved employees for expenses incurred on behalf of Defendants while performing work on behalf of Defendants.  Plaintiff and aggrieved employees incurred expenses such as parking fees while performing work for Defendants.  Defendants failed to reimburse Plaintiff and all aggrieved employees for any of the expenses they incurred while working on behalf of Defendants.

151.   Because Defendants have failed and continue to fail to reimburse these necessary business expenses to Plaintiff and aggrieved employees, and for its failure to

**CLASS ACTION COMPLAINT**

pay interest under California Labor Code section 2802(b), Defendants have violated California Labor Code section 2802.

## Failure to Timely Pay Wages Upon Separation

152.   At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

153.   As a result of Defendants' Labor Code violations alleged above, Defendants failed to pay Plaintiff and the other aggrieved former employees their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

## Penalties

154.   Pursuant to California Labor Code § 2699, Plaintiff, individually, and on behalf of other current and former aggrieved employees, requests and is entitled to recover from Defendants, and each of them, civil penalties, interest, attorneys' fees and costs pursuant, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

155.   Penalties under California Labor Code § 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

156.   Penalties under California Code of Regulations Title 8 § 11040 in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

157.   Penalties under California Labor Code § 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay

**CLASS ACTION COMPLAINT**

period for each subsequent violation;

158.    Penalties under Labor Code § 1197.1 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred fifty dollars ($250) for each aggrieved employee per pay period for each subsequent violation;

159.    Any and all additional penalties as provided by the Labor Code and/or other statutes; and

160.    Plaintiff requests penalties against Defendants as provided under Lab. Code Section 2699(f), plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and all other Class Members, prays for relief and judgment against Defendants, as follows:

1.    That this action be certified as a class action;

2.    That Plaintiff is appointed as the representative of the Class;

3.    That counsel for Plaintiff is appointed as Class Counsel;

4.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

5.    For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due pursuant to Labor Code sections 218.6 and 1194;

6.    For civil penalties pursuant to Labor Code section 558;

7.    For liquidated damages pursuant to Labor Code section 1194.2;

8.    For payments pursuant to Labor Code section 226.7(b);

9.    Reimbursement of expenses;

10.    For statutory penalties pursuant to Labor Code section 226(e);

11.    For statutory penalties pursuant to Labor Code section 225.5;

12.    Restitution and disgorgement;

**CLASS ACTION COMPLAINT**

13. Waiting time penalties pursuant to Labor Code section 203;

14. For statutory penalties pursuant to Labor Code section 204;

15. For the disgorgement of any and all "unpaid wages" and incidental losses, according to proof;

16. For restitution of "unpaid wages" to Plaintiff and all other Class Members and pre-judgment interest from the day such amounts were due and payable;

17. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of Business and Professions Code section 17200, et seq.;

18. Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiff and all other who are also similarly situated of their rights, privileges, protections, compensation, benefits and entitlements under the law, as alleged herein;

19. Order a complete and accurate accounting of all the compensation to which the Plaintiff and all others who are similarly situated are entitled;

20. For compensatory damages against Defendants to be paid to the Class, including all wages and overtime pay, and statutory damages for violation of California Labor Code Sections 1194, 1197, 1197.1, 1198, 510, 226 owed to the Class under California law;

21. For "waiting time penalties," pursuant to Section 203 of the California Labor Code, against Defendants to be paid to members of the California class whose employment has terminated with Defendants and who were not timely paid all wages due and owing to them at the time of such termination;

22. For attorneys' fees and costs as allowed by Section 1021.5 of the California Code of Civil Procedure and the PAGA;

//

**CLASS ACTION COMPLAINT**

23. For an order requiring Defendants to pay restitution for its unlawful conduct in the State of California;

24. Wages that were unlawfully deducted;

25. Restitution and disgorgement;

26. Pre-judgment interest;

27. For reasonable attorneys' fees and costs; and

28. For such other and further relief as the Court deems proper.

DATED: November 1, 2024         **NATHAN & ASSOCIATES, APC**

BY:    _s/ Reuben D. Nathan_
         Reuben D. Nathan, Esq.
         Attorneys for Plaintiff,
         AUSTIN SADIK

**CLASS ACTION COMPLAINT**